IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

5:04-CV-306-BR(3)

BARNEY G. JOYNER FAMILY TRUST, )
    Plaintiff, )
            )
  v.         )  CIVIL ACTION NO. _____
            )
UNITED STATES OF AMERICA, )
    Defendant )

## COMPLAINT

Plaintiff, the Barney G. Joyner Family Trust, brings this action and alleges as follows:

1. This is an action arising under the internal revenue laws of the United States for recovery of income taxes, penalties, and related interest erroneously and illegally assessed and collected from Plaintiff.

2. Jurisdiction is conferred on this Court by Title 28, United States Code, Section 1346(a)(1) and Title 26, United States Code, Section 7422.

3. Plaintiff is an irrevocable trust which was created by agreement dated May 31, 1989, between Barney G. Joyner as Grantor and David L. Joyner as Trustee. The principal place of business of Plaintiff is 815 New Bern Avenue, Raleigh, North Carolina, 27601.

4. The Defendant is the United States of America.

5. On July 16, 2001 the Internal Revenue Service assessed income taxes against Plaintiff for the 1995 and 1996 tax years. For the 1995 tax year, the assessment was for additional tax of $233,452.00, and interest and penalties in the amount of $129,725.68. For the 1996 tax year, the assessment was for additional tax of $82,197.00, and interest and penalties in the amount of $39,855.32.

6. On July 16, 2001 the Internal Revenue Service served written notice on Plaintiff of the aforesaid assessment and demand thereof.

7. On October 16, 2001 Plaintiff paid Defendant the amount of $190,805.68 for the assessed amounts for the 1995 tax year. The balance of the

assessment for the 1995 tax year was paid by the application of a refund for the 2000 tax year in the amount of $172,312.00.

8. On October 16, 2001 Plaintiff paid defendant the additional amount of $122,052.32 for the assessed amounts for the 1996 tax year.

9. On August 20, 2002 plaintiff filed a claim for refund for the 1995 tax year with the Internal Revenue Service Center at Memphis, Tennessee. A true and correct copy of this claim for refund is attached hereto as Exhibit A.

10. On August 20, 2002 plaintiff filed a claim for refund for the 1996 tax year with the Internal Revenue Service Center at Memphis, Tennessee. A true and correct copy of this claim for refund is attached hereto as Exhibit B.

11. By notice of disallowance dated November 3, 2003 sent to Plaintiff by certified mail, the Internal Revenue Service notified Plaintiff that it had disallowed its claim for refund for the 1995 tax year.

12. Plaintiff's claim for refund for 1996 has not been allowed by the Internal Revenue Service, and more than six months have elapsed since the filing of the claim.

13. As grounds for recovery, Plaintiff herein states the following:

   a. Beginning in 1988, Plaintiff purchased existing rental real property and properly allocated the purchase price among the land, building and personal property in accordance with accepted accounting principles. A separate composite account was created for the personal property.

   b. On its income tax returns, Plaintiff depreciated the personal property over seven years.

   c. Plaintiff's income tax returns from 1988 to 1994 are beyond the statute of limitations.

   d. On audit of Plaintiff's income tax returns for 1995 and 1996, the Internal Revenue Service erroneously determined that the allocation by Plaintiff of the rental property purchased in 1995 and 1996 among land, building and personal property was improper.

e. The Internal Revenue Service disallowed the seven-year personal property allocations, re-allocated the purchase price of the Property based on the Wake County, North Carolina land valuations, and recomputed the depreciation using 27.5 and 39 year depreciation schedules.

f. The Internal Revenue Service's reallocation of the purchase price and re-computation of the depreciation was improper and erroneous.

g. The Internal Revenue Service's reliance on the Wake County land valuation in its reallocation of the purchase price was improper.

h. The Internal Revenue Service further erroneously and improperly determined that its re-computation constituted a change in the method of accounting and invoked §481 of the Internal Revenue Code.

i. Under the Internal Revenue Service's improper application of §481, it reallocated the purchase price of rental properties purchased by Plaintiff between calendar years 1988 and 1994, and further adjusted the Plaintiff's depreciation cost basis of assets for those years.

14. The assessment and collection of the above-described tax was erroneous and illegal.

15. Plaintiff is entitled to a refund of all amounts collected as a result of the assessment, plus interest thereon as provided by law.

16. Plaintiff is the sole and absolute owner of this claim against the Defendant and has made no transfer or assignment of any part thereof.

WHEREFORE, Plaintiff demands judgment in its favor and against the United States in the amount of $485,170.00, or such other amount as may be legally refundable, plus interest as provided by law, and for plaintiff's costs, attorney's fees, and such other and further relief as this Court deems appropriate.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

E.H. Bridger, P.A.

_____
E.H. Bridger
N.C. State Bar No. 482
Post Office Box 17928
Raleigh, N.C. 27619
(919) 821-7664
(919) 821-7604 (FAX)


Batts, Batts, & Bell, LLP

_____
Jeffrey A. Batts
N.C. State Bar No. 13418
P.O. Drawer 8228
Rocky Mount, NC 27803
(252) 977-6450
(252) 975-7500 (FAX)

*G:\DOC\joyner bg fam trust complaint doc.doc*

*Copy to Joyner 1/30/03*

EXHIBIT B

**E. H. BRIDGER, P.A.**
ATTORNEY AT LAW
RALEIGH, NORTH CAROLINA 27619

Post Office Box 17928

August 20, 2002

Telephone: (919) 821-7664



Certified Return Receipt
COPY
Mailed 8/21/02

RECEIVED MAY 12 2004
DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC

District Director of Revenue
Department of the Treasury
Memphis Tennessee  37501

Re: Barney G. Joyner Family Trust
    1996 Form 1041, Calendar Year 1996
    Request for Refund of 1996 Income Taxes,
    Penalties and Interest Paid ($126,012.32)

The Taxpayer herein submits the following Refund Claim and information to support its request for a refund of $126,012.32. For reasons set forth herein, IRS erroneously assessed these income taxes, interest and penalties.

Your consideration of this would be greatly appreciated in approving the Refund Claim.

                Very truly yours,

                BARNEY G. JOYNER FAMILY TRUST

                By:_____
                    E. H. Bridger, Attorney
                    Power of Attorney

# Form 1041 — U.S. Income Tax Return for Estates and Trusts — 1996

Department of the Treasury—Internal Revenue Service

For calendar year 1996 or fiscal year beginning _____, 1996, and ending _____, 19___   OMB No. 1545-0092

**A Type of entity:**
- [ ] Decedent's estate
- [ ] Simple trust
- [X] Complex trust
- [ ] Grantor type trust
- [ ] Bankruptcy estate—Ch. 7
- [ ] Bankruptcy estate—Ch. 11
- [ ] Pooled income fund

**B** Number of Schedules K-1 attached (see instructions) ▶ 0

Name of estate or trust (if a grantor type trust, see page 7 of the instructions.)
BARNEY G. JOYNER FAMILY TRUST
E. H. Bridger, Attorney POA

Name and title of fiduciary
David L. Joyner, Trustee

Number, street, and room or suite no. (If a P.O. box, see page 7 of the instructions.)
P. O. Box 17928

City or town, state, and ZIP code
Raleigh, NC  27619

**C** Employer identification number: 56:6345646

**D** Date entity created: 5/31/89

**E** Nonexempt charitable and split-interest trusts, check applicable boxes (see page 8 of the instructions):
- [ ] Described in section 4947(a)(1)
- [ ] Not a private foundation
- [ ] Described in section 4947(a)(2)

**F** Check applicable boxes:
- [ ] Initial return
- [ ] Final return
- [X] Amended return **(REFUND)**
- [ ] Change in fiduciary's name
- [ ] Change in fiduciary's address

**G** Pooled mortgage account (see page 9 of the instructions):
- [ ] Bought
- [ ] Sold
- Date:

### Income
| | | |
|---|---|---|
| 1 | Interest income | |
| 2 | Dividends | |
| 3 | Business income or (loss) (attach Schedule C or C-EZ (Form 1040)) | |
| 4 | Capital gain or (loss) (attach Schedule D (Form 1041)) | |
| 5 | Rents, royalties, partnerships, other estates and trusts, etc. (attach Schedule E (Form 1040)) | |
| 6 | Farm income or (loss) (attach Schedule F (Form 1040)) | |
| 7 | Ordinary gain or (loss) (attach Form 4797) | |
| 8 | Other income. List type and amount | |
| 9 | **Total income.** Combine lines 1 through 8 ▶ | |

### Deductions
| | | |
|---|---|---|
| 10 | Interest. Check if Form 4952 is attached ▶ [ ] | |
| 11 | Taxes | |
| 12 | Fiduciary fees | |
| 13 | Charitable deduction (from Schedule A, line 7) | |
| 14 | Attorney, accountant, and return preparer fees | |
| 15a | Other deductions NOT subject to the 2% floor (attach schedule) | |
| b | Allowable miscellaneous itemized deductions subject to the 2% floor | |
| 16 | **Total.** Add lines 10 through 15b | |
| 17 | Adjusted total income or (loss). Subtract line 16 from line 9. Enter here and on Schedule B, line 1 ▶ | |
| 18 | Income distribution deduction (from Schedule B, line 17) (attach Schedules K-1 (Form 1041)) | |
| 19 | Estate tax deduction (including certain generation-skipping taxes) (attach computation) | |
| 20 | Exemption | |
| 21 | **Total deductions.** Add lines 18 through 20 ▶ | |

### Tax and Payments
| | | |
|---|---|---|
| 22 | Taxable income. Subtract line 21 from line 17. If a loss, see page 13 of the instructions | SCHEDULE ATTACHED |
| 23 | Total tax (from Schedule G, line 8) | SCHEDULE ATTACHED |
| 24a | Payments: 1996 estimated tax payments and amount applied from 1995 return | |
| b | Estimated tax payments allocated to beneficiaries (from Form 1041-T) | |
| c | Subtract line 24b from line 24a | |
| d | Tax paid with extension of time to file: [ ] Form 2758  [ ] Form 8736  [ ] Form 8800 | |
| e | Federal income tax withheld. If any is from Form(s) 1099, check ▶ [ ] | |
| | Other payments: f Form 2439 _____ ; g Form 4136 _____ ; Total ▶ | 24h |
| 25 | **Total payments.** Add lines 24c through 24e, and 24h ▶ | SCHEDULE ATTACHED |
| 26 | Estimated tax penalty (see page 13 of the instructions) | |
| 27 | Tax due. If line 25 is smaller than the total of lines 23 and 26, enter amount owed | |
| 28 | Overpayment. If line 25 is larger than the total of lines 23 and 26, enter amount overpaid | SCHEDULE ATTACHED |
| 29 | Amount of line 28 to be: a Credited to 1997 estimated tax ▶ _____ ; b Refunded ▶ | 126,012 | 32* |

**Please Sign Here:** Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than fiduciary) is based on all information of which preparer has any knowledge.

▶ Signature of fiduciary or officer representing fiduciary    Date    ▶ EIN of fiduciary if a financial institution (see page 4 of the instructions)

**Paid Preparer's Use Only:**
- Preparer's signature ▶ _____ Date _____ Check if self-employed ▶ [ ] Preparer's social security no. _____
- Firm's name (or yours if self-employed) and address ▶ _____ EIN ▶ _____ ZIP code ▶ _____

For Paperwork Reduction Act Notice, see page 1 of the separate instructions.    Cat. No. 11370H    Form **1041** (1996)

*PLUS INTEREST FROM 10/16/2001

## Schedule I — Alternative Minimum Tax (see pages 18 through 22 of the instructions)　　N/A

### Part I—Estate's or Trust's Share of Alternative Minimum Taxable Income

| | | |
|---|---|---|
| 1 | Adjusted total income or (loss) (from page 1, line 17) | 1 |
| 2 | Net operating loss deduction. Enter as a positive amount | 2 |
| 3 | Add lines 1 and 2 | 3 |
| 4 | **Adjustments and tax preference items:** | |

| | | | |
|---|---|---|---|
| a | Interest | 4a | |
| b | Taxes | 4b | |
| c | Miscellaneous itemized deductions (from page 1, line 15b) | 4c | |
| d | Refund of taxes | 4d | ( ) |
| e | Depreciation of property placed in service after 1986 | 4e | |
| f | Circulation and research and experimental expenditures | 4f | |
| g | Mining exploration and development costs | 4g | |
| h | Long-term contracts entered into after February 28, 1986 | 4h | |
| i | Amortization of pollution control facilities | 4i | |
| j | Installment sales of certain property | 4j | |
| k | Adjusted gain or loss (including incentive stock options) | 4k | |
| l | Certain loss limitations | 4l | |
| m | Tax shelter farm activities | 4m | |
| n | Passive activities | 4n | |
| o | Beneficiaries of other trusts or decedent's estates | 4o | |
| p | Tax-exempt interest from specified private activity bonds | 4p | |
| q | Depletion | 4q | |
| r | Accelerated depreciation of real property placed in service before 1987 | 4r | |
| s | Accelerated depreciation of leased personal property placed in service before 1987 | 4s | |
| t | Intangible drilling costs | 4t | |
| u | Other adjustments | 4u | |

| | | |
|---|---|---|
| 5 | Combine lines 4a through 4u | 5 |
| 6 | Add lines 3 and 5 | 6 |
| 7 | Alternative tax net operating loss deduction (see page 21 of the instructions for limitations) | 7 |
| 8 | Adjusted alternative minimum taxable income. Subtract line 7 from line 6. Enter here and on line 13 | 8 |

**Note:** *Complete Part II before going to line 9.*

| | | | |
|---|---|---|---|
| 9 | Income distribution deduction from line 27 | 9 | |
| 10 | Estate tax deduction (from page 1, line 19) | 10 | |
| 11 | Add lines 9 and 10 | 11 | |
| 12 | Estate's or trust's share of alternative minimum taxable income. Subtract line 11 from line 8 | 12 | |

If line 12 is:
- $22,500 or less, stop here and enter -0- on Schedule G, line 6. The estate or trust is not liable for the alternative minimum tax.
- Over $22,500, but less than $165,000, go to line 28.
- $165,000 or more, enter the amount from line 12 on line 34 and go to line 35.

*(continued on page 4)*

BARNEY G. JOYNER FAMILY TRUST
56-6345646

CALENDAR YEAR 1996

TAXPAYER HEREIN REQUESTS A REFUND OF TAXES, INTEREST AND PENALTIES PAID FOR THE CALENDAR YEAR 1996:

| | |
|---|---|
| Assessed Taxes | $ 82,197.00 |
| Assessed Interest | $ 39,367.45 |
| Assessed FTP and Penalty | $ 4,447.87 |
| TOTAL 1996 | $126,012.32 |

The above assessed taxes, interest and penalties for 1996 arose from the following adjustments to taxable income:

| | |
|---|---|
| Reduction in Depreciation | $197,568.00 |

Based on these adjustments to Taxable Income the following TAXES were assessed:

| | |
|---|---|
| For the year 1996 | $ 82,197.00 |

Based on these assessed taxes the following INTEREST and PENALTIES were assessed:

| | |
|---|---|
| Interest | $ 39,367.45 |
| Penalty | $ 4,447.87 |
| | $ 43,815.32 |

TOTAL TAXES, INTEREST AND PENALTIES PAID 1996 -   $126,012.32

## FACTS AND IRS CONCLUSIONS

Taxpayer is a Trust holding investment real estate. The Internal Revenue Service challenged the following Income Tax decisions of Taxpayer:

### CHANGE OF ACCOUNTING METHOD IN COMPUTING DEPRECIATION.

When Taxpayer purchased rental houses and lots, they allocated the total purchase price of same between Building, Lot and Personal Property. Internal Revenue Service, in their audit, held that this allocation (Building, Lot & Personal Property) resulted in a change of accounting method and, therefore, they invoked Section 481(b) of the Internal Revenue Code and added $344,471.00 to calendar year 1995 Taxable Income (See Revenue Agent Report). Also, further invoking 481(b) IRC, the Revenue Agent adjusted Depreciation Basis of Assets for depreciation for the calendar years 1988 through calendar year 1994, all which were beyond the Statute of Limitation (the only years within the Statute of Limitation are 1995 and 1996). Thus, erroneous recalculation of depreciation (1988-1994) decreased Taxpayer depreciation for calendar year 1995 -$193,348.00 and for calendar year 1996 - $150,606.00. Internal Revenue Service further erred when they adjusted land costs on purchases made in 1995 and 1996 and reclassifying 7-year property as 27.5 and 39 year property, thus resulting in an increase in Taxpayer's taxable income of $51,704.00 for 1995 and $46,962.00 for 1996.

From the purchase price of used houses purchased, Taxpayer allocated the appraised value of land to land cost. IRS disallowed Taxpayer's appraised land cost and substituted land cost reflected on the Wake County Tax Appraisal Abstract. As stated above on purchases of used houses, Taxpayer allocated cost between Land, Building, and Personal Property. On the depreciation schedule the Personal Property was given a 7 year life. IRS disallowed the Personal Property allocation and changed the depreciation life to that of real estate, 27.5 and 39 year life.

## TAXPAYER'S CONCLUSIONS

1. **CHANGE IN METHOD OF ACCOUNTING.**

Allocating cost of used houses purchased between Land, Building and Personal Property is a well accepted accounting principle. IRS concluded that this allocation was a change in depreciation method as described in Section 446(a) of the Internal Revenue Code, thus allowing them to invoke the penalty provision of Section 446(b) of the Internal Revenue Code ($344,474). Taxpayer asserts that it made separate accounts for each purchase of property, and depreciation was computed separately for each account as provided in IRC Regulation Sec. 1.167(a)-7(c).

Conclusion, Taxpayer's allocation of used house purchases was in accordance with accepted accounting principles, and Taxpayer was in compliance with IRC Regulation Sec. 1.167(a)-7(c); therefore, there was not a change in method of accounting.

-3-

Therefore, IRS's invoking of IRC Section 446 to assess penalty of added income ($344,474) in calendar year 1995 and adjustments to depreciation beyond the Statute of Limitations (1988-1994) are in error.

2. SEVEN-YEAR PERSONAL PROPERTY:

As stated above, allocating cost of used houses between Land, Building and Personal Property is a well accepted accounting principle. Therefore, IRS's disallowance of the depreciation of allocated Personal Property on a seven-year life, as provided in IRC Section 167, is in error.

3. APPRAISED LAND COSTS:

Taxpayer allocated appraised values for land costs on used houses purchased. IRS disallowed Taxpayer's appraised land values and substituted land appraisal cost reflected on the Wake County Tax Appraisal Abstract. Taxpayer contends that their appraisal of land when purchased should prevail and not a subsequent year County Tax appraisal. Therefore, IRS changes of land costs in years 1995 and 1996 are in error.

In conclusion, IRS relied heavily in their decision making on IRS Rev. Proc. 96-31 (Depreciation Method Changes), which refers to definition of method changes under IRC Reg. Sec. 1-446-1(e)(2)(ii)(a). IRS utilized this Rev. Proc. (Rev. Proc. 96-31) to conclude that Taxpayer's allocation of cost basis real estate purchases into Building, Land and Personal Property beginning in 1988, was a change in the method of depreciation. IRS ignored the <u>exceptions</u>

cited in IRS Rev. Proc. 96-31. The exceptions stated that Taxpayer's "selection of a method of accounting is made annually. As a result, a different depreciation method, recovery period or convention may be used for similar property placed in service in different taxable years." Since Taxpayer made these annual elections to use "different depreciation method, recovery period or convention" Taxpayer falls into this exception and Rev. Proc. 96-31 is not applicable to Taxpayer's set of facts.

Internal Revenue Service

North-South Carolina Appeals
320 Federal Place, Room 527
Greensboro, NC 27401

Date: January 16, 2001

E. H. Bridger
P.O. Box 17928
Raleigh NC 27619

Department of The Treasury
Southeast Region

Person to Contact:
  Martha J. Metz
Contact Person ID#:
  56-688518
Telephone Numbers:
  (336) 378-2045
  FAX (336) 378-2128
Refer Reply to:
  AP:GBO:MJM
In Re:
  Barney G. Joyner Family Trust
Tax Period(s) Ended:
  199512, 199612

Dear Mr. Bridger:

I am sending you this letter for your information. I wanted to let you know that the statutory notice of deficiency will be issued soon. In the process of preparing the notice, I discovered that the original revenue agent report was incorrect with respect to the tax liability attributable to the §481(a) adjustment. When the revenue agent calculated the §481(b) adjustment, the tax for 1995 was incorrect. For purposes of the statutory notice of deficiency, I have corrected the computation. The result is that §481(b) does not help the taxpayer. Therefore, the tax liability attributable to the §481(a) adjustment is $136,411.

When the statutory notice is issued, it will include a §481(a) adjustment in the amount of $344,471.00 instead of a §481(b) tax increase. Since the §481(b) limitation is the same as the tax attributable to the §481(a) adjustment that is the format for showing the adjustment.

I have included a copy of the revised report for your information. If you have any questions, feel free to call me at the number shown above.

Sincerely,

Martha J. Metz
Appeals Officer

Exh. 1

| Form 5278 (Rev. July 1992) | Department of the Treasury–Internal Revenue Service<br>STATEMENT - INCOME TAX CHANGE | | 1. Office symbols | |
|---|---|---|---|---|
| 2. Name(s) of Taxpayer(s)<br>BARNEY G. JOYNER FAMILY TRUST | 3. [✓] Notice of Deficiency   [ ] Other (specify)<br>[ ] Settlement computation | | | |
| | 4. SSN / EIN<br>56-6345646 | 5. Form Number<br>1041 | 6. Docket Number | |
| 7. Adjustments to income | Tax years ended | | | |
| | 1995 | 1996 | | |
| a. REPAIRS-PREVIOUSLY AGREED | 113,270 | 23,240 | | |
| b. DEPRECIATION | 245,052 | 197,568 | | |
| c. SECTION 481(a) INCOME | 344,471 | | | |
| d. | | | | |
| e. | | | | |
| f. | | | | |
| g. | | | | |
| h. | | | | |
| 8. Total adjustments | 702,793 | 220,808 | | |
| 9. a. [ ] Taxable income  [ ] Adjusted gross income<br>b. As shown in:<br>[ ] Preliminary letter dated ____<br>[ ] Notice of deficiency dated ____<br>[X] Return as filed | 610,375 | 567,951 | | |
| 10. [X] Taxable income as revised<br>[ ] Adjusted gross income as revised | 1,313,168 | 788,759 | | |
| 11. Tax from: [ ] tax tables [X] tax rate schedules<br>[ ] other | 519,148 | 311,452 | | |
| 12. Alternative tax if applicable (from page ___) | | | | |
| 13. Corrected tax liability (lesser of line 11 or 12) | 519,148 | 311,452 | | |
| 14. Less credits  a.<br>(specify)    b.<br>              c. | | | | |
| 15. Balance (line 13 less lines 14a through 14c) | 519,148 | 311,452 | | |
| 16. Plus    <br>   b.<br>   c. | | | | |
| 17. Total corrected income tax liability (line 15 + 16a,b,c) | 519,148 | 311,452 | | |
| 18. Total tax shown on return or as previously adjusted * | 285,696 | 229,255 | | |
| 19. Adjustments to EIC/Fuels Credit increase (decrease) | | | | |
| 20. Increase (decrease) in tax (line 17 adj. by 18 + 19) | 233,452 | 82,197 | | |
| 21. Additions / Adjustments to the tax (listed below) | | | | |
| * Tax Per Return | 240,840 | 224,017 | | |
| Additional Assessment | 44,856 | 5,242 | | |
| Tax As Previously Adjusted | 285,696 | 229,255 | | |

Form 5278 (Rev. July 1992)

BARNEY G. JOYNER FAMILY TRUST
56-6345646

SCHEDULE OF ASSESSED TAXES, INTEREST & PENALTIES PAID
CALENDAR YEAR 1996

| | | |
|---|---|---|
| 1. | Taxable Income as reported on Taxpayer's Original Return S.A. Line 9 * | $567,951. |
| 2. | Adjustments By IRS - Martha Metz, Appeals Officer - Schedule Attached Repairs - Previously Agreed S.A. Line 7(a) | 23,240. |
| 3. | Depreciation - S.A. Line 7(b) | 197,568. |
| 4. | Section 481(a) Income - S.A. Line 7(c) | -0- . |
| 5. | Total Adjusted Taxable Income - S.A. Line 10 | $788,759. |
| 6. | Income Tax Per Table - S.A. Line 11 | $311,452. |
| 7. | LESS: Tax Paid on Original Return | (224,012.) |
| 8. | Tax Paid on Agreed Repairs Before Final Assessed Taxes Due | ( 5,243.) |
| 9. | Net Final Additional Assessed Taxes Due S.A. Line 20 | $82,197.00 |
| | ADD: Assessed Interest | $39,367.45 |
| | Assessed FTP | $4,447.87 |
| | TOTAL TAXES, INTEREST AND PENALTY PAID 10/12/01 | $126,012.32 |

*-S.A.=Schedule Attached